UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ASPEN RIDGE ESTATES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED CITY OF YORKVILLE, | ) | 08 C 4479 |
| ARTHUR F. PROCHASKA, JR., | ) | |
| JOHN JUSTIN WYETH, JAMES BOCK, | ) | |
| DEAN WOLFER, JOSEPH BESCO, | ) | |
| PAUL JAMES, MARTY MUNNS, | ) | |
| ENGINEERING ENTERPRISES, INC., | ) | |
| TRAVIS MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant United City of Yorkville ("Yorkville") to dismiss the complaint of Aspen Ridge Estates, LLC ("Aspen Ridge") pursuant to Federal Rules of Civil Procedure 12(b)(6). For the following reasons, Yorkville's motion is denied.

## **BACKGROUND**

According to the allegations of the complaint, which we must accept as true for purposes of this motion, Yorkville officials created an annexation corridor that would extend Yorkville's boundaries to touch the Hamman Farm Property ("Hamman Farm")

so that the Hamman Farm could be annexed to Yorkville. Donald Hamman owned Hamman Farm and allegedly gained control of it to develop a landfill on the property.

Yorkville wanted a new landfill and Hamman had land he was willing to have them use as a landfill. However, his land was not located in Yorkville. Yorkville came up with a plan to annex his land but could only do so if it annexed between current city limits at the time and the Hamman Farm.

After completing its initial negotiations with Hamman, Yorkville approached Paul Dresden, Aspen Ridge's representative, and induced him into acquiring land for residential development. Yorkville did not indicate its intent to annex the Hamman Farm to use as a landfill. Consequently, Aspen Ridge agreed to acquire roughly 126 acres located in what was in 2004 the southwestern edge of Yorkville.

Between 2004 and 2006, Aspen Ridge alleges that it met with Yorkville officials numerous times to negotiate the terms of annexation. Aspen Ridge further asserts that in May 2006, Dresden inquired of Yorkville officials whether there was a plan to site a landfill on the Hamman Farm. Yorkville denied having any knowledge of such a plan. As a result, Aspen Ridge finalized the annexation agreement.

The final agreement contained terms requiring Aspen Ridge to pay substantial fees and deposits for annexation, development, and consulting as well as the costs of surveys, plats, city's attorney fees, recording fees, and engineering services. Aspen

Ridge was required to install robust water and other infrastructure with capacity in excess of that needed for the development of Aspen Ridge's property and the five other properties within the annexation corridor. Aspen Ridge alleges that by having these six owners finance the infrastructure costs, Yorkville planned to fund the infrastructure that the landfill would require.

Next, Yorkville expedited the annexation of two additional properties ("Extended Annexation Corridor"). Like the Aspen Ridge property, the Extended Annexation Corridor properties were used for farming at that time. In return for quick annexation, Yorkville waived several of the fees and other related costs that it had required in earlier annexation agreements, including that for Aspen Ridge's parcel. Furthermore, it allegedly offered the Extended Annexation Corridor extensive concessions and city services at no cost. Eventually, Yorkville annexed the Extended Annexation Corridor. Shortly thereafter, on September 26, 2006, Yorkville annexed the Hamman Farm.

On November 4, 2008, Aspen Ridge filed the present six-count amended complaint. Count I alleges that Yorkville violated the Equal Protection Clause of the Fourteenth Amendment and Counts II and III assert relief pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (d). As these claims arise under the laws of the United States, their jurisdictional basis is 28 U.S.C. § 1331. Aspen Ridge asserts that we have jurisdiction over the remaining state

law claims consisting of fraudulent misrepresentation, fraudulent concealment, and conspiracy because they form part of the same case or controversy and should be considered through our supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).

In response to Aspen Ridge's complaint, Yorkville filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that Counts I-III fail to state a cognizable claim and request that we decline to exercise supplemental jurisdiction over the three state law claims.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). However, a pleading need only convey enough information to allow the defendant to understand

the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

Fed. R. Civ. P. 9(b) creates exceptions to the federal regime of notice pleading and specifies that, for "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "Read together, Rule 9(b) and Rule 8 require that the complaint include the time, place and contents of the alleged fraud, but the complainant need not plead evidence." *Amakua Development LLC v. Warner*, 411 F. Supp. 2d 941, 947 (N.D. Ill. 2006). To put in another way, the complaint must allege "the who, what, when, where, and how: the first paragraph of a newspaper story." *Borsellino v. Goldman Sachs Group, Inc.*, 447 F.3d 502, 507 (7th Cir. 2007). Aspen Ridge's RICO claims will be viewed under this heightened pleading standard.

With these principles in mind, we turn to the instant motion.

## DISCUSSION

### I. Equal Protection Clause

Count I of Aspen Ridge's complaint alleges that it was denied equal protection under the law on the basis that Aspen Ridge was required to make substantial payments as part of its annexation agreement with Yorkville when compared to the owners of the Extended Annexation Corridor. Aspen Ridge asserts that it was similarly situated to

these other owners and that Yorkville did not have a rational basis for the disparate treatment. Since the Yorkville officials acted under the color of state law, Aspen Ridge seeks recovery pursuant to 42 U.S.C. § 1983.

Yorkville attacks Aspen Ridge's equal protection claim on several grounds. First, it opposes Aspen Ridge's "class of one" equal protection claim on the basis that it did have a rational basis for treating Aspen Ridge differently than other landowners. Next, Yorkville claims that Aspen Ridge's failure to plead the existence of qualified immunity precludes its claim against individual defendants.

Aspen Ridge asserts that it properly pled a "class of one" equal protection claim. The Fourteenth Amendment mandates that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. Under equal protection, a plaintiff need only allege that it has been intentionally treated differently from others similarly situated and there exists no rational basis for the difference in treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074 (2000). Aspen Ridge claims to be similarly situated to the owners of the Extended Annexation Corridor properties in that their properties were all leased for farming at the time of the annexation. Aspen Ridge asserts that Yorkville had no rational basis to apply different infrastructure and development costs among these properties.

*A. Similarly Situated*

Yorkville asserts that Aspen Ridge and the Extended Annexation Corridor were not *prima facie* identical because Aspen Ridge intended to pursue economic endeavors in the form of a residential subdivision, while the properties in the Extended Annexation Corridor would continue in their pre-annexation use. Ascertaining whether the properties are identical arises through the discovery phase of litigation and is premature at the pleading stage.[1] Since Aspen Ridge alleged that both properties were similarly situated in that they were both leased for farming at the time the annexation occurred, Aspen Ridge has properly pled this element of its equal protection claim.

*B. Rational Basis*

Next, Aspen Ridge alleges that Yorkville had no rational basis for treating it differently than the Extended Annexation Corridor properties. The Supreme Court has held that a complaint alleging that a government actor's conduct was "irrational and wholly arbitrary" is sufficient to state an equal protection claim. *See Olech*, 528 U.S. at 565, 120 S. Ct. at 1074. Aspen Ridge claims that Yorkville did not have a legitimate reason for treating the Extended Annexation Corridor more favorably.

---

[1] *See Lerch v. City of Green Bay*, 2008 U.S. App. LEXIS 6687 (7th Cir. March 27, 2008) (affirming summary judgment after evidentiary hearing).

Yorkville contends that it acted in the best interest of the city in attracting a variety of land uses. In support of this argument, Yorkville relies on evidence outside the complaint.

Yorkville cites *Esmail v. Macrane*, 53 F.3d 176, 180 (7th Cir. 1995) to demonstrate that Aspen Ridge failed to plead animus and does not state a valid claim. While the *Esmail* court recognized that "class of one" equal protection claims require a showing of "a spiteful effort to 'get' [plaintiff] for reasons wholly unrelated to any legitimate state objective," it expressly stated that such a showing is not required at the pleading stage. *Id.* As it is presently pled, Aspen Ridge has sufficiently pled that Yorkville lacked a rational basis to treat it differently from the owners of the properties within the Extended Annexation Corridor.

*C. Qualified Immunity*

Yorkville asserts that the individually named defendants are entitled to qualified immunity because they were performing discretionary activities in negotiating different annexation contracts with different properties. Yorkville maintains that it had legitimate reasons for offering attractive terms to the Extended Annexation Corridor; it steadfastly denies that negotiating different annexation contracts with different properties is unconstitutional. However, for purposes of a 12(b)(6) motion, the Seventh Circuit has held that a plaintiff need only allege the deprivation of a constitutional right.

*See Tamayo v. Blagojevich*, 526 F.3d 1074, 1090 (7th Cir. 2008). The pleading requirement is no different because qualified immunity may be raised as an affirmative defense. *Id.* Aspen Ridge is not required to plead factual allegations anticipating the defense of qualified immunity. *Alvarado v. Litscher*, 267 F.3d 648, 651-52 (7th Cir. 2001). Accordingly, the motion to dismiss Count I of Aspen Ridge's complaint is denied.

## II. Civil RICO

Counts II and III of Aspen Ridge's complaint allege that Yorkville is liable under the civil enforcement provisions of RICO. *See* 18 U.S.C. § 1961, *et seq*. In pleading a RICO claim, a plaintiff must allege that it suffered injury from the conduct of an enterprise as a result of a pattern of racketeering activity. *Selima S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496, 105 S. Ct. 3275, 3285 (1985).

Yorkville moves to dismiss Counts II and III of Aspen Ridge's complaint first on grounds that Aspen Ridge improperly pleads whether the individual defendants were members of an enterprise and whether they controlled the alleged enterprise. Next, Yorkville contends that the allegations are insufficient to show a pattern of racketeering. Finally, it maintains that Aspen Ridge cannot successfully allege that Yorkville's actions proximately caused harm.

*1. Enterprise Element*

Section 1961(d) defines enterprise as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." Aspen Ridge alleges that the Yorkville enterprise is comprised of nine individuals that were either employed or acted as agents for Yorkville. Yorkville perceives that Aspen Ridge has merely pled that the defendants were associated in fact, which is insufficient to withstand a 12(b)(6) motion. *See Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 804-05 (7th Cir. 2008).

Yorkville relies on *Limestone* to illustrate that Aspen Ridge failed to plead structure and requests that we dismiss the RICO claim for this reason. In that case, the plaintiff-developer alleged that a village acted through a RICO enterprise to prevent him from developing his land. *Id* at 804. However, the mere allegation that the enterprise consisted of an association of the Village of Lemont, the Lemont Park District, and Lemont Township was insufficiently pled because it failed to include any "reference to a system of governance, an administrative hierarchy, a joint planning committee, a board, a manager, a staff, headquarters, personnel having differentiated functions, a budget, records, or any other indicator of a legal or illegal enterprise." *Id.*

In opposition to Yorkville's contentions, Aspen Ridge asserts that its amended complaint specifically alleges that the Yorkville city government comprised the RICO

enterprise. It argues that the Yorkville city government is a legal entity, which constitutes a RICO enterprise. Moreover, Aspen Ridge argues that its pleading that Yorkville was an association in fact is sufficient for 12(b)(6) purposes because the individual Yorkville defendants constituted a structure of people associated through time, joined in purpose, and organized in a manner susceptible to a hierarchy. *Richmond v. Nationwide Cassel, L.P.*, 52 F.3d 640, 644 (7th Cir. 1995). A plaintiff may also allege structure by describing differentiated roles within the enterprise. *Burdett v. Miller*, 957 F.2d 1357, 1379 (7th Cir. 1992). Aspen Ridge articulates hierarchical decision-making structure with the Yorkville city government by specifically identifying communications between the nine individuals working together to achieve the plan to which Aspen Ridge now seeks relief.

Aspen Ridge's RICO pleading specifically references the roles of each of the nine individually named defendants such as Yorkville's city attorney, alderman, and administrative assistants. Therefore, the court finds Aspen Ridge's complaint is distinguishable from the plaintiff's complaint in *Limestone* on the basis that Aspen Ridge includes specific factual allegations stating how each individual participated in the plan. Accordingly, Aspen Ridge sufficiently alleges that Yorkville acted as an enterprise.

*2. Pattern*

Yorkville asserts that the allegations contained in the complaint fail to demonstrate a pattern of racketeering activity. Racketeering activity may include any act indictable under 18 U.S.C. § 1341 (relating to mail fraud) or 18 U.S.C. § 1343 (relating to wire fraud). 18 U.S.C. § 1961(1). To plead racketeering activity, a plaintiff must show "continuity plus relationship." *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239, 109 S. Ct. 2893, 2900 (1989). Relationship is achieved by showing that the acts "have the same or similar purposes, results, participants, victims, or methods of commission or otherwise [be] interrelated by distinguishing characteristics and [not be] isolated incidents." *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1048 (7th Cir. 1998). Aspen Ridge alleges that Yorkville utilized various communication devices such as the telephone, emails, and postage mail to carry out the alleged scheme. Yorkville argues that Aspen Ridge has alleged only a limited variety of predicate acts in the form of fraudulent statements over the course of a year, only one victim, and only one scheme.

The RICO statute requires that a "pattern of racketeering activity" includes at least two acts of racketeering activity within ten years. 18 U.S.C. § 1961(5). The Seventh Circuit has held that four factors must be alleged to establish pattern: "(1) the number and variety of predicate acts and the length of time over which they are

committed; (2) the number of victims; (3) the presence of separate schemes; and (4) the occurrence of distinct injuries." *Wade v. Hopper*, 993 F.2d 1246, 1251 (7th Cir. 1993). Yorkville argues that thirty communications is an insufficient amount to create a pattern of racketeering activity. Contrary to Yorkville's assertion, Aspen Ridge contends that the thirty predicate acts occurred over the course of two years and that the Fed. R. Civ. P. 9(b) particularity requirements "must be relaxed where the plaintiff lacks access to all facts necessary to detail his claim, and that is most likely to be the case where, as here, the plaintiff alleges a fraud against one or more third parties." *Corely v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1048 (7th Cir. 1998). Moreover, Aspen Ridge alleges five separate schemes to fraudulently induce five different property owners to commit to annexation. When considering the standard of 12(b)(6), the court finds that Aspen Ridge has sufficiently pled a pattern of racketeering activity.

*3. Damages*

Yorkville asserts that Aspen Ridge insufficiently alleges damages and raises issues not contemplated by the amended complaint. Aspen Ridge alleges injury in its property as a result of the RICO conduct of Yorkville and its participants. A plaintiff can only recover to the extent to which his business or property has been injured by the conduct constituting the violation. *Sedima*, 473 U.S. at 496, 105 S. Ct. 3275 at 3285.

If Aspen Ridge can prove that Yorkville's RICO conduct caused its damage, then it may well recover damages. The complaint is properly pled.

## CONCLUSION

Based on the foregoing, Yorkville's motion to dismiss Aspen Ridge's complaint pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

                                    */s/ Charles P. Kocoras*
                                  Charles P. Kocoras
                                  United States District Judge

Dated:   February 11, 2009